IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JEFFERY S. NICHOLS | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:22-cv-1004 |
| | ) | Judge Trauger/Frensley |
| WILLIAM LEE, et al | ) | Jury Demand |
|     Defendants | ) | |

## REPORT AND RECOMMENDATION

Pending before the Court is the pro se Plaintiff's Motion for Preliminary Injunction. Docket No. 2. Plaintiff has filed a supporting memorandum and declaration. Docket Nos. 3 and 4. The Defendants have filed a response in opposition to the motion. Docket No. 23. For the reasons set forth herein, the undersigned recommends that the Plaintiff's motion for preliminary injunction be **GRANTED IN PART and DENIED IN PART**.

### II.    BACKGROUND

#### A.    Tennessee's Sex Offender Registry Laws

In 1994, Tennessee's first sex offender registry law (Sex Offender Registration and Monitoring Act ("SORMA"), was enacted. 1994 Tenn. Pub Act. Ch. 976. The Act required individuals convicted of any one of several identified sexual offenses to register, "unless the offender had been wholly released without supervision from incarceration, prohibition or parole prior to January 1, 1995. *Doe v Haslam,* 2017 WL 5187117, at *1 (M. D. Tenn. November 9, 2017). Thereafter, the General Assembly repeatedly amended SORMA to expand its scope, to increase the reporting requirements placed on registered offenders, and to reduce the level of confidentiality of registry information. *Id.* at *2.

In 2004, the Tennessee General Assembly repealed SORMA and replaced it with a similar

but more stringent registration law known as SORA. 2004 Tenn. Pub. Laws Ch. 921. SORA sets forth a plethora of registration and reporting requirements and provides that violation of these requirements are a felony (as opposed to a misdemeanor under SORMA). T. C. A. §40-39-208. SORA likewise has been repeatedly revised and amended to increase its restrictions, requirements and to make more information publicly available about registrants. *Haslam*, 2017 WL 5187117, at *3.

B.  **Jeffery S. Nichols' Circumstances**

Plaintiff brings this action against the Defendants challenging Tennessee's Sex Offender and Violent Sex Offender Registration Verification and Trafficking Act of 2004 ("The Registration Act") and the Tennessee Serious and Violent Sexual Offender Monitoring Pilot Project Act ("the Monitoring Act") and the application of those acts to him. Docket No. 20. The application of these laws to him arise out of his June 2005, convictions for sexual offenses he committed between 2000 and 2002: rape of a child, aggravated sexual battery, sexual exploitation of a minor, and aggravated kidnapping. *Id.* Since the Plaintiff's release from custodial sentence on August 2, 2022, Plaintiff has been subjected to requirements of the Registration and Monitoring Acts. *Id.*

Plaintiff's Amended Complaint asserts numerous claims in which he seeks relief from the registration requirements as a violent sexual offender against children, community supervision for life and required participation in a GPS monitoring program for violent sexual offenders. *Id.*

### III.  LAW AND ANALYSIS

A.  **Legal Standard**

The purpose of a preliminary injunction is to preserve the relative positions of the parties until a trial of the merits can be had. *Certified Restoration Dry Clean Network, LLC v. Tenke Corp.*,

511 F. 3d 535, 542 (6th Cir. 2007)(citations omitted). The decision as to whether to issue a preliminary injunction is committed to the trial court's discretion. *N. E. Ohio Coal v. Blackwell*, 467 F. 3d 999, 1009 (6th Cir. 2006)(*Patio Enclosures Inc. v. Herbst*, 39 Fed. Appx. 964, 967 (6th Cir. 2002). Preliminary injunction is an extraordinary remedy to be applied only in the limited circumstances which clearly demand it. *Leary v. Daeschner*, 228 F. 3d 729, 739 (6th Cir. 2000).

The moving party has the burden of proving that the circumstances "clearly demand" a Preliminary Injunction. *Overstreet v. Lexington-Fayette Urban Cnty. Gov't.*, 305 F. 3d 566, 573 (6th Cir. 2002). The court must balance four factors in deciding whether to issue a preliminary injunction "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." *City of Pontiac Retied Employees Ass'n. v. Schimmel*, 751 F. 3d 427, 430 (6th Cir. 2014)(*en banc*)(internal quotation marks omitted).

These four factors are "factors to be balanced, not prerequisites that must be met." *Michael v. Futhey*, 2009 WL 4981688, at *17 (6th Cir., December 17, 2009)(quoting *Six Clinics Holding Corp., II v. Cafcomp Systems*, 119 F. 3d 393, 400 (6th Cir. 1997)). Nonetheless, it remains that the hallmark of injunctive relief is the likelihood of irreparable harm. *Patio Enclosures, Inc. v. Herbst*, 39 Fed. Appx. 964, 967 (6th Cir. 2002)("[t]he demonstration of some irreparable injury is a *sine qua non* for issuance of an injunction."); *see also Winter v. Natural Resources Defense Council, Inc.,* 555 U. S. 7, 22-23, 129 S. Ct. 365, 172 L. Ed 2d 249 (2008)(rejecting the notion that a mere "possibility" of irreparable injury was sufficient for a preliminary injunction and holding that "plaintiffs seeking preliminary relief [are required] to demonstrate that irreparable injury is *likely* in the absence of an injunction")(emphasis in original). "A finding that there is simply no

likelihood of success on the merits is usually fatal." *Gonzalez v. National Board of Medical Examiners*, 225 F. 3d 620, 625 (6th Cir. 2000).

"Pro se litigants have the right to be heard in federal courts and represent themselves. Derived directly from section 35 of the Judiciary Act of 1789, 28 U.S.C. § 1654 guarantees the right to proceed pro se in civil actions in federal courts. It provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." *Greene v. Frost Brown Todd, LLC*, 856 F. 3d 438, 439 (6th Cir. 2017).

While pro se litigants must comply with the procedural rules that govern civil cases, a pro se litigant's pleadings are to be construed liberally and are subject to less stringent standards than formal pleadings filed by attorneys. *Hank McNeil v United States*, 508 U. S. 106, 113 (1993); *Haines v. Kerner*, 404 U. S. 519, 520-21 (1972).

**B.     The Motion for Preliminary Injunction**

The Plaintiff seeks injunctive relief prohibiting the application of SORA, because the registry laws are unconstitutional under the ex post facto clause. Docket No. 2. Specifically, Plaintiff seeks to be removed from community supervision for life based on the alleged illegality of that sentence and removed from the sexual offender registry. *Id.* The Defendants argue that because the Plaintiff cannot show a likelihood of success on the merits of his case and has failed to demonstrate irreparable harm absent injunctive relief, his motion should be denied. Docket No. 23. The Defendants argue that the Registration Act's lifetime reporting, and publication provisions are not retroactive to the Plaintiff because those requirements existed at the time of his conviction. *Id.* at pp. 6-7. They argue that the retroactive provisions of the Registration Act are not punitive and therefore Plaintiff is not entitled to the injunctive relief he seeks. *Id.* at pp. 7-9. The Defendants

contend that because Plaintiff has previously sought relief from the community supervision for life sentence and been denied, it is unlikely he will succeed on the merits and in any event, the requirements of community supervision now are no different than they were at the time of his offense. *Id.* at pp. 21-23.

1.     **Registration Act Claims**

In analyzing Plaintiff's ex post facto claims, the Court must first identify precisely which provisions of the law at issue apply retroactively to the Plaintiff, considering the date of his applicable offenses. The Plaintiff appears to argue that all of the requirements of the currently existing Registration Act are unconstitutional as applied to him and therefore, he should receive injunctive relief as to all requirements. Docket No. 2, 3.

The Parties agree that the Plaintiff admitted the last of his sexual offenses in 2002. Docket No. 20, p. 4; Docket No. 23, p. 7. As noted above, in 2002, SORA had not yet been enacted. However, both the registration requirements and information publishing requirements on the sexual offender registry predate Plaintiff's offense and are thus not retroactive for purposes of Plaintiff's claim. *See Doe #11 v. Lee,* 609 F. Supp. 3d 578 (M. D. Tenn. June 16, 2022). Following the reasoning in *Doe #11,* the undersigned recommends that the Court deny the Plaintiff's motion for injunctive relief that his information be removed from the sexual offender registry or that he be required to register with the TBI.

Apart from the registration and publication requirements, the Court must determine whether the retroactive aspects of SORA are punitive. *Doe #11,* 609 F. Supp. 3d at 600-603.

Plaintiff's challenge to SORA is neither unique nor novel. Numerous cases have been brought and are pending in this district by individuals similarly situated to the Plaintiff and asserting similar if not identical claims to those asserted by the Plaintiff in this case. This court in

other cases interpreting Tennessee's Sexual Offender Registration Act have almost universally granted injunctive relief during the pendency of the appeal in the matter of *John Doe #1, et al v. William Lee, et al.,* 23-5248 (March 28, 2023) (M. D. Tenn.). In fact, the Defendants have routinely consented to the entry of preliminary injunction and administrative stay of the case pending resolution of the appeal. *See e. g. Doe v. Lee, et al.* 3:23-cv-592*, Doe v. Lee et al.,* 3 :23-cv-624. Apart from the fact that Mr. Nichols is representing himself while those cases in which the Defendants have agreed to entry of preliminary injunction are counseled cases, the Court can see no explanation for why they should be treated differently. In any event, the undersigned finds the authority of those cases granting preliminary injunction to be compelling and equally determinative in this case.

        **a.     Plaintiff is likely to succeed on the merits of his constitutional claim**

To succeed on his ex post facto challenges, the Plaintiff must establish first, that the laws enforced against him retroactively, and second the law must be punitive. *Hardaway v. Lee,* 2023 WL 2749369 at *3 (M. D. Tenn. March 31, 2023). Courts in this district have held that Tennessee's SORA provisions are punitive as a matter of law. *Hardaway,* at *4 (collecting cases). Like the Plaintiffs in each of those cases, the Court finds that the sole reason he is required to comply with the retroactive provisions of the Act is the result of his pre-2004 behavior. Like the other courts to consider these circumstances, the undersigned finds this element is satisfied for purposes of the requested preliminary injunction just as several other courts in this district have found. *Id.* The undersigned specifically adopts the reasoning set forth in those cases as applied to the Plaintiff's claims and finds no reason to ignore the building precedent on this issue. Therefore, the undersigned finds that Plaintiff's ex post facto claim is likely to succeed on the merits, with regard to the retroactive SORA provisions.

6

Case 3:22-cv-01004   Document 35   Filed 08/16/23   Page 6 of 9 PageID #: 308

### b. The Plaintiff risks irreparable harm

When a right secured under the Constitution is threatened or impaired, "a finding of irreparable injury is mandated," *Bonnell v. Lorenzo*, 241 F. 3d 800, 809 (6th Cir 2001), or is at the very least presumed. *Vitolo v. Guzman*, 999 F, 3d 353, 360 (6th Cir 2021). Having established a likelihood of success on the merits of Plaintiff's constitutional claim, there is a presumption that he faces irreparable injury absent a preliminary injunction.

The Defendants do not challenge this presumption. Instead, they concede that the first and second factors rise and fall together arguing that "a finding of irreparable injury is only mandated if Plaintiff shows a significant possibility that he will succeed on the merits of his claims." Docket No. 23, p. 23.

In addition to the presumption, the Plaintiff has set forth numerous restrictions imposed by the law and discusses the manner in which the Plaintiff has been impacted with regard to his residence, employment and relations with others. Docket No. 3, pp. 3-12.

The restrictions on Plaintiff's employment and residence set forth in his memorandum exist only as a result of the violation of his constitutional rights. This, combined with the Court's finding regarding a likelihood of success on the merits and the presumption of irreparable injury in such circumstances, establish that enforcement of SORA against the Plaintiff constitutes irreparable harm.

### c. Additional preliminary injunctive factors do not weigh against the Plaintiff

With a likelihood of success on the merits, the other factors do not weigh against the issuance of a preliminary injunction here. Having found a likelihood of success and irreparable harm, the final two factors – harm to others and harm to the public- does not provide sufficient reason to deny injunctive relief. On these points, the state asserts that the factors weigh against

granting a preliminary injunction and that the public interest is served and substantial harm to others avoided by enforcing the act against the Plaintiff. Docket No. 3, pp. 4-5.

While it is undoubtedly true that the goal of sex offender laws is to protect the public from future sexual offenses, it is far from clear that the law actually does that. Those purported benefits are necessarily speculative. However, the application of SORA has been shown to establish concrete harms and it is well-established that the public interest is served by preventing the violation of constitutional rights. *Vitolo*, 999 F. 3d 360 (citations omitted). Therefore, granting the requested injunction will not cause harm to others and favors the public interest. After balancing all of the factors, the undersigned determines that a preliminary injunction should issue.

### 2. Community Supervision for Life

The Plaintiff further argues he is entitled to a preliminary injunction with regard to the requirements of community supervision for life. Docket No. 2. He asserts that he is entitled to this relief on the grounds that the sentence imposed was illegal. Docket No. 3, pp 12-13.

The Court has entered a Report and Recommendation recommending that Plaintiff's claims regarding community supervision for life be dismissed. Docket No. 34. The Defendants note that the Plaintiff has previously unsuccessfully litigated these issues in the context of post-conviction and habeas proceedings and also notes that, as a part of the judgement in this criminal case, was applicable to him at the time of his conviction. Docket No. 26, pp. 20-22.

For the reasons stated by the Defendants as well as the undersigned's reasoning set forth in the Report and Recommendation, the Plaintiff has not established a likelihood of success on the merits and therefore, his request for preliminary injunction as to his sentence of community supervision for life should be **DENIED**.

## IV. CONCLUSION

For the reasons set forth herein, the undersigned recommends that the Plaintiff's motion for preliminary injunction (Docket No. 2) be **GRANTED IN PART and DENIED IN PART**. The Court should grant the motion insofar as it seeks a preliminary injunction with the exception that the Court not order that the Plaintiff's information be removed from the sexual offender registry or that Plaintiff's information not be published on the sexual offender registry.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**