IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| **JEFFERY S. NICHOLS,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| v. ) | No. 3:22-cv-01004 |
| ) | |
| **WILLIAM B. LEE, Governor of the State** ) | District Judge Trauger |
| **of Tennessee; DAVID B. RAUSCH,** ) | |
| **Director of the Tennessee Bureau of** ) | Magistrate Judge Frensley |
| **Investigation; and FRANK STRADA,** ) | |
| **Commissioner of the Tennessee Department** ) | |
| **of Correction, in their official capacities,** ) | |
| ) | |
|     **Defendants.** ) | |
| ) | |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO STAY

Defendants, William B. Lee, Governor of the State of Tennessee, David B. Rausch, Director of the Tennessee Bureau of Investigation (TBI), and Frank Strada, Commissioner of the Tennessee Department of Correction (TDOC), submit this response to Plaintiff's request that the Court stay the case pending a decision by the Sixth Circuit in *Does #1-9 v. Lee*, 3:21-cv-590 (M.D. Tenn.), ECF No. 138 *appeal filed* No. 23-5248 (6th Cir.), except as to Plaintiff's Community Supervision for Life ("CSL") claim. Because the motion accurately maintains that Claim J should be stayed pending *Does #1-9*, Defendants partially support the motion. However, as set out in Defendants' Motion to Stay, because Plaintiff's motion requests that the Court address Claim F prior to administratively closing the case, Defendants partially oppose the motion.

## BACKGROUND

In June 2005, Plaintiff, Jeffery Nichols, pleaded guilty to a total of 29 sexual offenses that he had committed between 2000 and 2002: five counts of rape of a child, 10 counts of aggravated sexual battery, 13 counts of sexual exploitation of a minor, and one count of aggravated kidnapping. (D.E. 20, PageID# 162, ¶ 14.) Plaintiff's sentence included a period of incarceration, which he completed in August 2022, and CSL. (D.E. 20, PageID# 161, ¶ 9.) After his release from prison, Plaintiff filed this action seeking relief from his obligation to register as a violent sexual offender against children, his sentence of community supervision, and his obligation to participate in a GPS monitoring program for violent sexual offenders.

In the Amended Complaint, Plaintiff raised ten claims alleging the Tennessee Sex Offender Registry and CSL requirements were unconstitutional as applied to him. (D.E. 20.) Relevant here, Plaintiff claimed that his sentence of CSL **(Claim C)** violates the Due Process Clause because the trial court failed to notify Plaintiff of that part of his sentence before he entered a guilty plea, **(Claim D)** violates the Due Process Clause because the trial court amended Plaintiff's judgments of conviction without his knowledge or consent, **(Claim E)** violates the Due Process Clause because the Tennessee Supreme Court declined to apply one of its decisions retroactively to Plaintiff's case, and **(Claim F)** violates the Ex Post Facto Clause and Due Process Clause because the burdens of CSL have grown more onerous. (D.E. 20, PageID# 190, ¶¶ 189-92.) Of these relevant claims, the Court granted Defendants' motion to dismiss Claims C, D, and E. The Court determined that Plaintiff's challenge to the imposition of CSL was an attempt to "render [his] sentence invalid," which was not a cognizable claim under 42 U.S.C. § 1983. (D.E. 40, 417-18 (quoting *Heck v. Humphrey*, 512 U.S. 477, 486 (1994).) Defendants did not move to dismiss Claim F, which alleged an Ex Post Facto Clause and Due Process Clause violation and contended

2

Case 3:22-cv-01004   Document 50   Filed 04/10/24   Page 2 of 8 PageID #: 532

that "the CSL restrictions, requirements, and fees have continually increased after the time of plaintiff's offenses increasing the punishment of his sentence." (D.E. 20, PageID# 174.) Neither party has engaged in any discovery, but Plaintiff now moves to stay the case with the exception of a Partial Motion for Summary Judgment that seeks summary judgment on "the addition of the punitive sentence of Community Supervision for Life . . . and/or CSL's increasing restrictive provisions." (D.E. 46, PageID# 451.)

## LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The party seeking a stay of proceedings bears the burden of showing the "pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order." *Ohio Environmental Council v. United States District Court, S. Dist. of Ohio*, 565 F.2d 393, 396 (6th Cir. 1977). Entry of an order staying proceedings "ordinarily rests with the sound discretion of the District Court." *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir. 2014) (quoting *Ohio Environmental Council v. U.S. Dist. Court*, 565 F.2d 393, 396 (6th Cir. 1977)). Indeed, district courts can and do exercise their inherent power to stay proceedings when a similar case is pending on appeal and a decision in the appeal would aid resolution of the district court litigation. *See Lech v. Gettel*, No. 22-cv-11197, 2022 WL 17832699, at *4-5 (E.D. Mich. Dec. 21, 2022) (staying district court litigation where appeal involved same defendant and "all the claims present in the instant case are presently before the Sixth Circuit"); *Speight v. EquityExperts.org, LLC*, No. 17-13663, 2019 WL 1492207, at *1-2 (E.D. Mich. April 4, 2019) (staying district court litigation where appeal involving same defendant and "different, but similar" issues would "narrow the issues in [the

3

district court case]" and "be helpful to the Court in resolving the parties' dispositive motions"); *Aim Leasing Co. v. RLI Corp.*, No. 4:14-cv-02161, 2016 WL 3971300 (N.D. Ohio July 25, 2016) (granting stay of district court proceedings pending resolution of state court declaratory action which would "greatly redu[ce] the amount in controversy and increa[se] the potential for an amicable settlement between the parties").

When considering whether to grant a stay, a court weighs three factors: "(1) any prejudice to the non-moving party if a stay is granted, (2) any prejudice to the moving party if a stay is not granted, and (3) the extent to which judicial economy and efficiency would be served by the entry of a stay." *Does #1-3 v. Lee*, No. 3:19-CV-00532, 2020 WL 4904663, at *1 (M.D. Tenn. Feb. 18, 2020) (quoting *Tennessee ex rel. Cooper v. McGraw-Hill Cos., Inc.*, No. 3:13-00193, 2013 WL 1785512, at *6 (M.D. Tenn. Apr. 25, 2013)).

**ARGUMENT**

Here, all three factors—prejudice to the non-moving party, prejudice to the moving party, and judicial economy and efficiency—weigh heavily in favor of completely staying this case, and not permitting Plaintiff's CSL claim to be adjudicated prior to the Sixth Circuit's guidance. A stay would thus be beneficial to the parties as well as the Court.

First, a complete stay would serve the interests of judicial economy and efficiency. The Sixth Circuit's decision in *Does #1-9* will aid the Court in ruling on the merits of Plaintiff's CSL claim. Plaintiff argues in his Motion to Stay that the case need not be stayed as to his CSL claim because it is "totally separate" from his claims related to Tennessee's Sexual and Violent Sexual Offender Registration, Verification, and Tracking Act of 2004 ("the Act"). (D.E. 45, PageID# 444.) However, Plaintiff has moved for summary judgment on two theories: that his constitutional rights were violated by (1) "the addition of the punitive sentence of Community Supervision for

4

Life . . . and/or" (2) the restrictive provisions of the CSL that have expanded, resulting in an increase in his punishment after the fact. (D.E. 46, PageID# 451.) The first of those theories has already been rejected by this Court when it granted Plaintiffs' Motion to Dismiss as to Claims C and D because it constitutes a collateral attack on his conviction. (D.E. 40, PageID# 417-18.) Plaintiff's only remaining theory is whether the increase in restrictions under CSL amount to a violation of the Ex Post Facto Clause—an issue plainly impacted by the Sixth Circuit's determination of how subsequent changes to a statute may constitute an ex post facto violation.

The following matters are at issue on appeal in *Does #1-9*: (1) whether the district court had jurisdiction to adjudicate the claims against Governor Lee and Director Rausch, (2) *whether the district court erred in concluding that the Act violates the Ex Post Facto Clause*, and (3) whether the district court erred in granting sweeping declaratory and injunctive relief to remedy the plaintiffs' injuries. *See* Issue Statement, *Doe #1 v. Lee*, No. 23-5248 (6th Cir. Apr. 11, 2023), ECF No. 13 (emphasis added). The Sixth Circuit's ruling whether the Act violates the Ex Post Facto Clause will directly address the sort of proof that is required to show an ex post facto violation through subsequent changes.

That guidance is particularly relevant when the requirements of CSL and the Act are similar. As alleged by Plaintiff in his Amended Complaint, the Act contains various "[r]esidence [r]estrictions," "[e]mployment [r]estrictions," "[p]resence [r]estrictions," and various "[o]ther [r]estrictions" that require things like travel notifications, a particular identification card, and lifetime registration. (D.E. 20, PageID# 164-67.) CSL, as alleged by Plaintiff, contains "[r]esidence [r]estrictions," "[e]mployment [r]estrictions," various "[o]ther restriction[s]" that require things like travel notifications, a particular identification card, fees, and "[a]dditional [r]estrictions" while an individual is in sex offender treatment. (*Id.* at 175-79.)

5

The Sixth Circuit's ruling will also be instructive on the type of discovery necessary for this litigation. The nature and scope of the parties' respective evidentiary burdens when bringing or defending against a facial or as-applied ex post facto challenge was a key issue in the *Does #1-9* litigation. *See Does #1-9 v. Lee*, No. 3:21-CV-00590, 2023 WL 2335639, at *16-17 (M.D. Tenn. Mar. 2, 2023). For instance, Defendants will gain clarity on whether to seek discovery on the sum total change in CSL requirements that have occurred or whether they should seek discovery on every individual change that occurred over Plaintiff's time on CSL.

Second, if a stay is not granted, Defendants may suffer considerable prejudice. If the Defendants prevail in the Sixth Circuit appeal, the decision will benefit their defense against the ex post facto claim in this litigation. Alternatively, if the Sixth Circuit agrees with the district court in *Does #1-9*, it could impact the Defendants' decision to even continue this litigation. Additionally, Defendants have not sought to waste resources for both Plaintiff and themselves sending written discovery and conducting depositions when all of that work may need to be redone in the light of *Does #1-9*. Particularly when Plaintiff's remaining claim is nearly identical to the one on appeal, it would have been unnecessarily burdensome, for instance, to depose Plaintiff only on the restrictions stemming from CSL and not the Act. And as described above, even as to the CSL claims, Defendants would have sought discovery that may change depending on the outcome of *Does #1-9*.

Third, any risk of prejudice to Plaintiff by staying the case is far lower than the risk of prejudice to Defendants and waste of party and judicial resources that will result from not staying the case. By implementing the complete stay, the costs and time associated with litigation would decrease significantly for *all* parties. And granting a stay would not merely defer expenses; any guidance provided by the Sixth Circuit's pending decision in *Does #1-9* would likely decrease the

6

costs of litigation going forward. And of course, the passage of time would not impact Plaintiff's claims, given that Plaintiff's claims substantially depend on legal questions that are not likely to generate the type of eyewitness or first-hand evidence that may grow stale.

Nor would the public suffer harm from entry of a stay. *Ohio Envtl. Council,* 565 F.2d at 396. In fact, the public would enjoy the benefit of judicial economy. *See Astec Am., Inc. v. Power-One, Inc*., No. 6:07-CV-464, 2008 WL 11441994, at *3 (E.D. Tex. July 15, 2008) ("Controlling litigation expenses and conservation of judicial resources serves not only the parties and the Court, but also the public as a whole."). Further, the stay sought by Defendants has reasonable limits. *See Ohio Envtl. Council*, 565 F.2d at 396. Should the Court find it beneficial, Defendants can provide updates to the Court every 90 days, or as the Court directs, for the purpose of informing the Court and Plaintiff of the status of the *Does #1-9* appeal. And, within 30 days of the Sixth Circuit's mandate in *Does #1-9*, Defendants will file an update with the Court informing it of the impact the Sixth Circuit's decision will have on this stayed case.

## CONCLUSION

Because *Does #1-9* will drastically impact the discovery the parties will need to make and the analysis the Court performs evaluating the claim, the Court should grant Plaintiff's motion to stay the case, but deny his specific request to have the Court rule on his pending Motion for Summary Judgment.

Respectfully submitted,

JONATHAN SKRMETTI
Attorney General and Reporter

/s/ *David Wickenheiser*
DAVID WICKENHEISER (040427)

7

DAVEY DOUGLAS (032076)
Assistant Attorney General
Law Enforcement and Special
Prosecutions Division
Office of the Tennessee
Attorney General and Reporter
P.O. Box 20207
Nashville, Tennessee 37202-0207
(615) 532-7277
David.Wickenheiser@ag.tn.gov

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been filed using the Court's electronic filing system and served by Federal Express to:

Jeffery S. Nichols
985 Murfreesboro Pike, Unit B24
Nashville, TN 37217


On this the 10th day of April, 2024.

/s/ *David Wickenheiser*
DAVID WICKENHEISER