IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JEFFERY S. NICHOLS )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>WILLIAM LEE, et al )<br>    Defendants ) | Civil Action No. 3:22-cv-1004<br>Judge Trauger/Frensley<br>Jury Demand |

## REPORT AND RECOMMENDATION

Pending before the Court is a pleading filed by the pro se Plaintiff in this matter styled "Motion to Administratively Stay This Case Pending Ruling in Sixth Circuit Appeal." Docket No. 45. The Defendants have filed a response to the motion to stay. Docket No. 50. Also pending is a motion to stay fled by the Defendants in this matter. Docket No. 51. Plaintiff has filed a response to that motion. Docket No. 56. The undersigned recommends that the Plaintiff's motion (Docket No. 45) be **GRANTED IN PART** and that the Defendants' motion (Docket No. 51) be **GRANTED**.

## Background

The Plaintiff, Jeffery Nichols, brings this action alleging that Defendants have violated, and continue to violate, his constitutional right against *ex post facto* punishment through retroactive imposition of the sex offender restrictions and monitoring requirements of Tennessee's Sexual and Violent Sexual Offender Registration, Verification, and Tracking Act of 2004 ("SORA") (Tenn. Code Ann. § 40-39-201, *et seq*.). The Plaintiff's Amended Complaint raises additional challenges related to his Community Supervision for Life (CSL) requirements arguing that they are unconstitutional as applied to him. Docket No. 20. While the Parties have not engaged in discovery in this case, the Plaintiff has filed a motion for partial summary judgment related to

"the addition of the punitive sentence of Community Supervision for Life ("CSL") . . . and/or CSLs increasing restrictive provisions." Docket No. 46.

Before the Court are the parties competing motions to stay this matter and administratively close the case pending a ruling in the Sixth Circuit Court of Appeals in another sexual offender case that involves the same or substantially similar legal issues as this case. *See Does #1-9 v. Lee*, 3:21-cv-00590 (M.D. Tenn.), Doc. No. 138, *appeal filed* No. 23-5248 (6th Cir., Mar. 28, 2023).

In light of the foregoing, the Parties both seek a stay of this case pending the Sixth Circuit's decision in *Does #1-9*. Docket Nos. 45 and 51. The disagreement between the Parties relates to whether the stay should encompass the issues raised in the Plaintiff's motion for partial summary judgment. *Id.* The Plaintiff argues that the Court should proceed to resolve his motion for partial summary judgment because it only addresses Plaintiff's claims dealing with the Tennessee Community Supervision for Life requirements which he asserts are totally separate from the sexual offender registry claims. Docket No. 45. The Defendants argue that because the ruling in *Does #1-9* will impact the discovery the Parties will need to evaluate all of the Plaintiff's claims, the Court should grant the Plaintiff's motion to stay the case but deny his specific request to rule on the pending motion for partial summary judgment. Docket No. 50.

## LAW AND ANALYSIS

The scope of discovery set out in Rule 26(b)(1) in the Federal Rules of Civil Procedure ("Fed. R. Civ. P.) explicitly states that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). The trial court is afforded broad discretion in order to control and dictate the sequence of discovery. *Crawford-El. v. Britton,* 523 U. S. 574, 598-99 (1998). As this Court has previously noted, the Federal Rules of Civil Procedure do not specifically provide for a "Motion to

Stay Discovery." *Cockrill v. Mortgage Electronic Registration System*, 2013 WL 1966304 at *2 (M. D. Tenn. May 10, 2013). Several courts have essentially held that a motion to stay discovery should be viewed as a motion for protective order under Fed. R. Civ. P. 26(c)(1). Parties seeking a protective order pursuant to Rule 26(c) to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense have the burden to show good cause for such an order. *In re: Skelaxin Metaxalone Antitrust Lit.*, 292 F. R. D. 544, 549-50 (E. D. Tenn. 2013). To show good cause the moving party must articulate specific facts that show a clearly defined and serious injury resulting from the discovery sought; mere conclusory statements will not be sufficient. *In re: Skelaxin,* 292 F. R. D. at 549. Rule 26(c) "assumes that a party has the right to issue a discovery request in the first place." *Nix v. Sword*, 11 Fed. Appx. 498, 500 (6th Cir 2001)(citing *Avirgan v. Hull*, 118 F. R. D. 252, 254 (D. D. C. 1987)). Good cause will not be shown merely because the disputed discovery may be inconvenient or expensive. *Isaac v. Shell Oil Co*., 83 F. R. D. 428, 431 (E. D. Mich. 1979)(citing *United States v. American Optical Co.*, 39 F. R. D. 580 (N. D. Cal. 1966)).

While the Court has the inherent discretionary power to stay proceedings as part of its ability to manage its docket, it must "tread carefully" in granting a motion to stay, because every party has a "right to a determination of its rights and liabilities without undue delay." *Ohio Envtl. Council v. USDC S.D. of Ohio*, 565 F. 2d 393, 396 (6th Cir. 1977), *citing Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); *see Gray v. Bush*, 628 F. 3d 779, 785 (6th Cir. 2010) (same). "A stay is an intrusion into the ordinary processes of administration and judicial review." *Dodds v. United States Dep't of Educ.*, 845 F. 3d 217, 220 (6th Cir. 2016), *quoting Nken v. Holder*, 556 U. S. 418, 425 (2009). "A stay is not a matter of right, even if irreparable injury might otherwise result." *Indiana State Police Pension Tr. v. Chrysler LLC*, 556 U. S. 960, 961 (2009). "It is instead

an exercise of judicial discretion, and the 'party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion.'" *Id.*, citing *Nken*, 556 U. S. at 433-34. The party seeking the stay has the burden to show: (1) a pressing need for delay; and (2) that neither the other party nor the public will suffer harm from entry of the order." *Ohio Envtl. Council*, 565 F. 2d at 396.

The undersigned has considered the factors set forth above and determines they weigh in favor of completely staying the case. Given the similarities of the requirements of CSL and the Registry Act, the Court expects that the Sixth Circuit's ruling would be helpful in determining the appropriate discovery in this case and avoid the potential for duplicitous discovery and thus completely staying the case as opposed to allowing it to proceed in a piecemeal fashion would further the interests of efficiency and economy for both the Court and the Parties.

**Conclusion**

Based upon the foregoing, the undersigned recommends that the Plaintiff's motion to stay (Docket No. 45) be **GRANTED IN PART** and that the Defendants' motion to stay (Docket No. 51) be **GRANTED** and that this case be stayed and administratively closed pending further order of the Court. In light of the recommendation, the undersigned recommends that the Plaintiff's motion for partial summary judgment (Docket No. 46) be **DENIED WITHOUT PREJUDICE**.

Within thirty (30) days of the Sixth Circuit's decision in *Does #1-9 v. Lee*, Case No. 23-5248, the Parties shall notify the Court of the decision and request the Court lift the stay and reopen the case.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen

(14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

                                                **JEFFERY S. FRENSLEY**
                                                **United States Magistrate Judge**